## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARLENE HODGES, | ) | |
| | ) | Civil No. 1:16-cv-01079-RDB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BON SECOURS HEALTH SYSTEM, INC., et al., | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **PLAINTIFF HODGES'S MOTION TO** |
| Defendants. | ) | **CONSOLIDATE ERISA ACTIONS** |
| | ) | **AND TO APPOINT INTERIM LEAD** |
| | ) | **PLAINTIFF AND INTERIM CO-LEAD** |
| | ) | **COUNSEL** |
| | ) | |
| | ) | |
| | ) | |
| CAROLYN MILLER, | ) | |
| | ) | Civil No. 1:16-cv-01150-RDB |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BON SECOURS HEALTH SYSTEM, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ....................................................................................................... 1

II. ARGUMENT ........................................................................................................... 6

A. Consolidation of Cases.......................................................................................... 6

B. Proposed Interim Lead Plaintiff Hodges ............................................................... 8

C. Establishment of a Leadership Structure................................................................ 8

    1. Appointment of Cohen Milstein and Keller Rohrback as Interim Co-
       Lead Counsel ............................................................................................ 9

    2. Proposed Interim Co-Lead Counsel Are Best Qualified Under the
       Relevant Standards to Represent the Putative Class................................... 9

    3. Substantial Pre- and Post-Filing Work Performed by Cohen Milstein
       and Keller Rohrback Supports Their Appointment as Interim Co-
       Lead Counsel .......................................................................................... 10

    4. Counsel for Plaintiff Hodges Have the ERISA Experience and
       Knowledge to Litigate These Actions....................................................... 16

    5. Counsel for Plaintiff Hodges Have the Resources Necessary to
       Represent the Class ................................................................................. 23

III. CONCLUSION...................................................................................................... 25

i

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Arnold v. E. Air Lines, Inc.*,
    681 F.2d 186 (4th Cir. 1982) ........................................................................7

*Brigiotta's Farmland Produce & Garden Ctr., Inc. v. United Potato Growers of Idaho, Inc.*,
    2010 WL 3928544 (D. Idaho Oct. 4, 2010) .............................................10, 11, 14

*Carlin v. DairyAmerica, Inc.*,
    2009 WL 1518058 (E.D. Cal. May 29, 2009) ...........................................10

*Carver v. Presence Health Network*,
    No. 15-2905 (N.D. Ill. 4/2/15) ....................................................................21

*Chavies v. Catholic Health East*,
    No. 13-1645 (E.D. Pa. filed Mar. 28,. 2013) ...............................................12, 21

*Dring v. Faust*,
    2013 WL 657638 (D. Md. Feb. 21, 2013) ..................................................7

*Feather v. SSM Health*,
    No. 16-393 (S.D. Ill. 4/8/16) ......................................................................21

*Good v. Am. Water Works Co., Inc.*,
    2014 WL 2481821 (S.D. W.Va. June 3, 2014) ...........................................10

*Griffith v. Providence Health*,
    No. 14-1720 (W.D. Wash. filed Nov. 7, 2014) ...........................................12, 21

*Jewett v. Franciscan Alliance, Inc.*,
    No. 16-4589 (N.D. Ill. 4/22/16) ..................................................................21

*Joe Hand Promotions, Inc. v. Dock St. Enters., Inc.*,
    2011 WL 6141058 (D. Md. Dec. 8, 2011) ..................................................7

*Kaminske v. JP Morgan Chase Bank N.A.*,
    Nos. 09-00918, 09-6352, 2011 WL 521338 (C.D. Cal. Jan. 3, 2011) ........15

*Kaplan v. Saint Peter's Healthcare Sys.*,
    2014 WL 1284854 (D.N.J. Mar. 31, 2014) .................................................13

*Kaplan v. Saint Peter's Healthcare Sys.*,
    810 F.3d 175 (3d Cir. 2015) ................................................................3, 5, 13

2139536.1

*Kaplan v. St. Peter's Healthcare Sys.*,
No. 13-2941 (D.N.J. filed May 7, 2013)........................................................................12, 21

*Lann v. Trinity Health Corp.*,
No. 14-2237 (D. Md. filed July 11, 2014) ....................................................................12, 21

*Medina v. Catholic Health Initiatives*,
No. 13-1249 (D. Colo. filed May 10, 2013) ................................................................12, 21

*Miller v. Beazer Homes USA, Inc.*,
No. 07-00952, 2007 WL 3005332 (N.D. Ga. Oct. 11, 2007) ................................................15

*In re Mills Corp.*,
No. Civ.A. 1:06-77, 2006 WL 2035391 (E.D. Va. May 30, 2006) ........................................16

*In re Municipal Derivatives Antitrust Litig.*,
252 F.R.D. 184 (S.D.N.Y. 2008) ....................................................................................14, 15

*In re Oreck Corp. Halo Vacuum and Air Purifiers Mktg. and Sales Pracs. Litig.*,
282 F.R.D. 486 (C.D. Cal. 2012) ..............................................................................................15

*Outten v. Wilmington Tr. Corp.*,
281 F.R.D. 193 (D. Del. 2012) ..................................................................................................10

*Overall v. Ascension*,
No. 13-11396 (E.D. Mich. filed Mar. 28, 2013)........................................................12, 21

*Owens v. St. Anthony Medical Center*,
No. 14-4068 (N.D. Ill. filed June 2, 2014)..................................................................12, 21

*In re Protected Vehicles, Inc.*,
397 B.R. ..............................................................................................................................14

*Rollins v. Dignity Health*,
19 F. Supp. 3d 909 (N.D. Cal. 2013) ....................................................................................13

*Rollins v. Dignity Health*,
No. 13-1450 (N.D. Cal. Filed Apr. 1, 2013) ............................................................12, 21

*Rollins v. Dignity*,
No. 13-cv-01450-TEH, 2014 WL 6693891 (N.D. Cal 2014)................................................13

*In re Shop-Vac Mktg. & Sales Pracs. Litig.*,
MDL No. 2380, 2013 WL 183855 (M.D. Pa. Jan. 17, 2013) ..........................................15

*Smith v. OSF Healthcare System*,
No. 16-467 (S.D. Ill. 4/27/16)................................................................................................21

iii

*Stapleton v. Advocate Health Care Network,*
   76 F. Supp. 3d 796 (N.D. Ill. 2014) ...................................................................13

*Stapleton v. Advocate Health Care Network,*
   817 F.3d 517 (7th Cir. 2016) ...........................................................3, 4, 5, 13

*Stapleton v. Advocate Health Care Network,*
   No. 14-1873 (N.D. Ill. filed Mar. 17, 2014) .................................................12, 21

*In re Terazosin Hydrochloride Antitrust Litig.,*
   220 F.R.D. 672 (S.D. Fla. 2004) ........................................................................16

*Thorkelson v. Publ'g House of Evangelical Lutheran Church in America,*
   764 F. Supp. 2d 1119 (D. Minn. 2011) ..............................................................11

*In re Titanium Dioxide Antitrust Litig.,*
   284 F.R.D. 328 (D. Md. 2012) ...........................................................................10

*US Airline Pilots Ass'n v. Velez,*
   2016 WL 1615408 (W.D.N.C. Apr. 22, 2016) ..............................................11, 16

*Walker v. Discover Fin. Servs.,*
   No. 10-06994, 2011 WL 2160889 (N.D. Ill. May 26, 2011)..................................15

*In re WorldCom, Inc. ERISA Litig.,*
   No. 02 Civ. 4816(DLC), 2004 WL 2338151 (S.D.N.Y. Oct. 18, 2004)................19

## STATUTES

Employee Retirement Income Security Act ...................................................................1

ERISA ................................................................................................................*passim*

ERISA amendments............................................................................................................4

Title I of ERISA................................................................................................................4, 17

Harvard Law ..............................................................................................................18

Jeffrey Lewis, et al., Employee Benefits Law ...............................................................4

Keller Rohrback Law..........................................................................................................24

## OTHER AUTHORITIES

9A C. Wright & A. Miller, Federal Practice & Procedure: Civil § 2383 (3d ed.
   2008) .........................................................................................................................8

5 James Wm. Moore et al., *Moore's Federal Practice* § 23.120 [3][a] (3d ed. 2007) ...................................................................................................15

*Annotated Manual for Complex Litigation* (4th ed. 2011) (the "*Manual*")....................6, 8, 9, 10

*Arizona State Law Journal*.................................................................................20

Cohen Milstein website at http://www.cohenmilstein.com/about-us (last visited May 18, 2016).............................................................................23

Employee Benefits Group website at http://www.cohenmilstein.com/practice-area/employee-benefits-erisa (last visited May 18, 2016) ....................................23

Fed. R. Civ. P. 23(g) .................................................................................. *passim*

Fed. R. Civ. P. 23(g)(1)(A)..........................................................................10

Fed. R. Civ. P. 42(a) ...............................................................................6, 7, 8

Offices, LLP, http://www.kellerrohrback.com/firm/ (last visited May 18, 2016)........................24

Rule 23(g)(3).................................................................................................10

*Wisconsin Law Review*...........................................................................19, 20

Plaintiff Arlene Hodges submits this Memorandum of Law in Support of Plaintiff's Motion to Consolidate ERISA Actions and to Appoint Interim Lead Plaintiff and Interim Co-Lead Counsel.

## I. INTRODUCTION

Plaintiff Arlene Hodges, through her counsel Cohen Milstein Sellers and Toll, PLLC ("Cohen Milstein") and Keller Rohrback LLP ("Keller Rohrback") initiated the present ERISA class action on April 11, 2016, against Bon Secours Health Systems, Inc. ("Bon Secours"), and the Bon Secours Benefit Plan Administrative Committee (collectively "Defendants") and other John and Jan Doe defendants.  (DE #1.) The class action is brought on behalf of all participants and beneficiaries of seven Bon Secours Pension Plans, (collectively referred to as the "Bon Secours Plans" or simply the "Plans"). These Plans all purport to be "Church Plans," which are largely exempt from the Employee Retirement Income Security Act ("ERISA"), the federal statute that regulates virtually all private sector pension plans in the United States.  Plaintiff Hodges brought this action because, in reality, the Plans do not meet the statutory requirements to be Church Plans, and thus must be brought into compliance with ERISA.

Hodges complaint is of grave importance to the 22,000 participants in the Bon Secours plans who are currently not receiving the many ERISA protections they are entitled to, including the requirement that Defendants: (i) fund the Plans based on ERISA's minimum funding requirements; (ii) pay PBGC premiums which will give participants the benefit of government backstop should the Plan itself not have sufficient assets to pay benefits; and (iii) send all ERISA mandated notices to participants, including disclosures regarding the value of the participants vested benefits, the terms of the Plans and the funded status of the Plans.  In total, Plaintiff

Hodges' complaint asserts eight causes of action relating to Defendants' treatment of the Plans as Church Plans.[1]

A week after the Hodges complaint was filed, Plaintiff Carolyn Miller filed a second ERISA class action in this district alleging similar factual and legal allegations as set forth in the Hodges Complaint. Miller v. Bon Secours, No. 16-cv-01150-JKB (D. Md. Filed Apr. 18, 2016) (the "Miller Action"). *See* Declaration of Karen L. Handorf in Support of Motion to Consolidate ("Handorf Decl.") at Exhibit 1 (attaching copy of the Miller Complaint).  However, the Miller Complaint alleges **only a subset** of the causes of action raised by Hodges.  Miller Compl., Counts I-V.  In particular, the Miller complaint does not include the following claims:  (1) claim for civil money penalties (Hodges Compl. at ¶¶ 131-133); (2) claim under 502(a)(1)(B) and 502(a)(3) for clarification of future benefits to ensure that the vested benefits of all participants are accurate despite the failure to administer this Plan in compliance with ERISA (Hodges Compl. at ¶¶ 134-140); and (3) constitutional claim that permitting the Bon Secours Plans to be treated as Church Plans would be unconstitutional (Hodges Compl. at ¶¶ 167-170).  Omissions such as these are not surprising given that Plaintiff Hodges' counsel, Cohen Milstein and Keller Rohrback have unparalleled expertise in Church Plan Litigation, which is evident from their successful track record in this area and their endorsement by the main advocates for retiree and pension rights, AARP and the Pension Rights Center.  *See* Declaration of Mary Ellen Signorille at ¶¶ 24-26; Declaration of Karen Ferguson at ¶¶ 17-20.

It is also worth noting that, although Miller's action was plainly "related to" the Hodges action, her counsel did not so designate it, thereby necessitating the present motion to

---

[1] *See* Hodges Class Action Compl. ¶¶ 104-169, Counts I-VIII, ECF No. 1 ("Hodges Compl.").

consolidate.[2]  Because both these ERISA class actions challenge the Church Plan status of the Bon Secours Plans and are brought against identical Defendants, Plaintiff Hodges seeks an order consolidating the ERISA actions. Additionally, Plaintiff Hodges respectfully requests that she be appointed Interim Lead Plaintiff and that her counsel, Cohen Milstein and Keller Rohrback, be appointed Interim Co-Lead Counsel.

Cohen Milstein and Keller Rohrback have been litigating together cases challenging the improper use of the Church Plan exemption for several years. Handorf Decl. at ¶¶ 19-21; Kilgard Decl. at ¶¶ 10, 13.  Cohen Milstein and Keller Rohrback alone bore the risk of developing this innovative theory of liability, which was at odds with private letter rulings of the Internal Revenue Service and advisory opinions of the Department of Labor, and arguably at odds with some lower court cases from years past. By 2014, the two firms had filed ten cases challenging major hospital chains that are improperly claiming the Church Plan exemption for their retirement plans when they do not meet the statutory requirements for the exemption. These cases were litigated in the district courts, and last year three of them arrived in the Courts of Appeal. In December 2015 and March 2016, panels of the Third and the Seventh Circuit unanimously agreed with Cohen Milstein's and Keller Rohrback's interpretation of the statute. *See Stapleton v. Advocate Health Care Network*, 817 F.3d 517 (7th Cir. 2016); *Kaplan v. Saint Peter's Healthcare Sys.*, 810 F.3d 175 (3d Cir. 2015).  A third case has been argued in the Ninth Circuit and is awaiting decision. (In each case, Cohen Milstein and Keller Rohrback had prevailed in the district court.) By contrast, Miller's counsel did not begin filing Church Plan cases until 2015 and they have not obtained any judicial decisions on the merits of their claims.

---

[2]  Counsel for Plaintiff Hodges has also concurrently filed a copy of this Motion and accompanying papers in the Miller action.

Furthermore, Cohen Milstein and Keller Rohrback will be handling the issues regarding the Church Plan exemption in the Supreme Court this summer as the defendants in *Kaplan v. St. Peters Health System* and *Stapleton v. Advocate Health Care* will petition for writs of certiorari seeking reversal.  Handorf Decl at ¶ 18.  Cohen Milstein and Keller Rohrback intend to argue vigorously that certiorari is not warranted given that there is no circuit split on the issue.  *Id*.

The appointment of Cohen Milstein and Keller Rohrback as Interim Co-Lead Counsel would best serve the interests of the Class Members. As detailed below, Cohen Milstein and Keller Rohrback are national leaders in ERISA class action litigation and possess the expertise, experience, and resources necessary to litigate this case effectively and efficiently.  The Cohen Milstein Employee Benefits Practice Group, which specializes in ERISA class actions, is led by Karen Handorf, who has litigated ERISA cases for more than 30 years and was the Government's second highest ranking lawyer for the enforcement of Title I of ERISA before joining Cohen Milstein. Cohen Milstein's Employee Benefits Practice Group also includes Michelle Yau, who also began her career at the Department of Labor in the honors program, and who has litigated ERISA class actions at Cohen Milstein for almost a decade.

Likewise, Keller Rohrback boasts among its ranks attorneys who have litigated ERISA cases since the Act's passage in 1974, have testified before Congress and Congressional committees on ERISA amendments and pension issues, and have served as editors and authors of ERISA's most preeminent publications.  *See*, *e.g.*, Jeffrey Lewis, et al., Employee Benefits Law (Jeffrey Lewis et al. eds. 3d ed.) (2012 and Supp. 2015) (Co-Chair of the Board of Senior Editors Jeffrey Lewis; Senior Editor David Preminger; Chapter Editor and Contributing Author Erin Riley). Lynn Sarko, who leads the firms' complex litigation group, is a nationally-recognized

4

leader in complex litigation, having been selected by federal courts nationwide to serve as lead or co-lead counsel in a wide variety of ERISA cases.

More to the point, however, Cohen Milstein and Keller Rohrback, *and these firms alone*, pioneered the recent positive developments in the interpretation of the specific law at issue in this case. *See, e.g.,* Signorille Decl. on behalf of AARP at ¶ 25 ("Cohen Milstein and Keller Rohrback together have pioneered all the positive legal developments in church plan litigation"); Ferguson Decl. on behalf of the Pension Rights Center at ¶ 18 ("[Cohen Milstein and Keller Rohrback's] understanding of the ERISA church plan exemption, as well as the broader landscape in which these cases are being strategically litigated, is unmatched"). Cohen Milstein and Keller Rohrback alone identified, investigated, and filed the first 10 cases that challenged whether religiously affiliated hospital systems could properly claim "Church Plan" status for their pension plans. Cohen Milstein and Keller Rohrback successfully argued before the Third and Seventh Circuit Courts of Appeals that these plans are not Church Plans because only a church may establish a Church Plan.[3]  In this action as well, Cohen Milstein and Keller Rohrback invested a substantial amount of time developing the legal and factual predicate for claims against the Defendants before they filed the Hodges complaint. In contrast, Plaintiff Miller's counsel, having achieved none of those successes, has filed a complaint after the Hodges complaint was filed based on the some of the allegations set forth in the Hodges Complaint but have not included all theories of liability.

Finally, the attorneys at Cohen Milstein and Keller Rohrback have long been dedicated to the protection of retirement rights and the proper interpretation of ERISA (some for many years in public service).  Ferguson Decl. at ¶ 14 and Signorille Decl at ¶ 25.  In fact, Ms. Signorille of

---

[3] *See Stapleton v. Advocate Health Care Network*, 817 F.3d 517 (7th Cir. 2016); *Kaplan v. Saint Peter's Healthcare Sys.*, 810 F.3d 175 (3d Cir. 2015).

the AARP underscored Ms. Handorf's "integrity and concern" for participants (class members). Signorille Decl. at ¶ 21.

Given the qualifications and ERISA expertise of Cohen Milstein and Keller Rohrback, coupled with the substantial work they have done to investigate and litigate ERISA Church Plan claims, Plaintiff respectfully submits that it would be in the best interests of the proposed class of participants and beneficiaries of the Plans to consolidate the Miller action with the Hodges action, appoint Hodges as interim lead plaintiff, and to appoint Cohen Milstein and Keller Rohrback as Interim Co-Lead Counsel.

## II. ARGUMENT

Because the Hodges and the Miller Complaints seek largely the same relief against identical parties and stemming from identical violations of ERISA, counsel for Plaintiff Hodges hereby submit for the Court's approval a proposed order which provides for: (1) the consolidation of these related actions; (2) appointment of an interim lead plaintiff; (3) appointment of interim co-lead counsel; and (4) otherwise eliminates wasteful and duplicative litigation. Such an order is consistent with the recommendations of the *Annotated Manual for Complex Litigation* (4th ed. 2011) (the "*Manual*") and Plaintiff Hodges respectfully submits that the proposed order will promote the orderly and efficient litigation of both actions.

### A. Consolidation of Cases

Consolidation of these identical causes of action is appropriate pursuant to Fed. R. Civ. P. 42(a), which provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

This Court, applying Rule 42(a), has broad discretion in determining whether consolidation is appropriate. In exercising this discretion, a court should weigh the interests of judicial economy against the potential for delays, expense, confusion, or prejudice. *Dring v. Faust*, Nos. 12–2344, 12–2345, 12–2346, 2013 WL 657638, at *1 (D. Md. Feb. 21, 2013) (*citing Arnold v. E. Air Lines, Inc*., 681 F.2d 186, 192 (4th Cir. 1982)); *Joe Hand Promotions, Inc. v. Dock St. Enters., Inc*., No. 11–1973, 2011 WL 6141058, at *2 (D. Md. Dec. 8, 2011) ("should weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause to the parties") (internal quotation marks omitted). The moving party bears the burden of showing that consolidation is preferable to separate trials. *Id.*

The above-captioned actions assert similar claims under ERISA against the same defendants based on the same facts, and therefore involve common questions of law and fact *cf.* Hodges Compl at ¶ 91 to Miller Compl at ¶ 18.  Both actions contend that the Church Plan exemption, as properly construed, does not apply to the Bon Secours Plans based on a common set of facts.  Hodges Compl at ¶¶ 70-72; Miller Compl at ¶¶ 51-55. Both actions address common factual and legal issues regarding the injuries suffered by Plan participants as a result of Defendants' erroneous treatment of the Plans as Church Plans.  Hodges Compl at ¶¶ 110-121, 141-166; Miller Compl at ¶¶ 60-68.  Since these common factual and legal issues are central to the resolution of these cases, consolidation would save considerable time, money, and resources.

Importantly, Plaintiff Hodges's Complaint has certain claims that the Miller Complaint does not, including a constitutional claim.  Hodges Compl at ¶¶ 167-170. The Miller complaint does not assert any unique claims.  Thus, consolidation of the Miller action into this action would ensure that all claims will be heard efficiently without causing prejudice. Conversely, litigating these identical claims in separate actions would serve no compelling interest and would waste

valuable time and resources. Indeed, because the relief sought is plan-wide relief, litigating these cases separately would create a risk of inconsistent judgments or the imposition of incompatible standards of conduct.

In this instance, there is no plausible argument for how consolidation might cause delay, confusion, or prejudice, *see* 9A C. Wright & A. Miller, Federal Practice & Procedure: Civil § 2383 (3d ed. 2008), and because consolidation clearly assists judicial economy and benefits all parties involved, consolidation pursuant to Fed. R. Civ. P. 42(a) is the most sensible course.

### B. Proposed Interim Lead Plaintiff Hodges

Proposed Interim Lead Plaintiff Arlene Hodges was an employee of Bon Secours from 1992 until 2003.  Hodges Compl. ¶15.  Plaintiff Hodges is a vested participant of one of the Bon Secours Plans who is entitled to receive a benefit under that Plan upon retirement.  *Id.*  Because the assets of the Plans are held in trust for the benefit of all vested participants and beneficiaries, Ms. Hodges has a right to recover for the Plans to ensure compliance with ERISA in all respects. Ms. Hodges is represented by the most experienced attorneys with respect handling Church Plans cases and therefore seeks appointment as Interim Lead Plaintiff to bring the present action on behalf of the Plans and all of their vested participants and beneficiaries.

### C. **Establishment of a Leadership Structure**

The proposed order further implements the procedures suggested by the *Manual* for complex, multi-party cases such as this by designating Interim Co-Lead Counsel for plaintiffs. *See Manual* § 10.22. Plaintiff Hodges respectfully submits that such designation will (i) promote the orderly progress of this litigation, and (ii) ensure that counsel for plaintiffs and class members are able to prosecute this litigation efficiently, because currently there are two firms representing Plaintiff Hodges and three firms representing Plaintiff Miller.  Continued litigation

with five firms acting as Plaintiffs' counsel without a leadership structure would be unwieldy and inefficient.

### 1. Appointment of Cohen Milstein and Keller Rohrback as Interim Co-Lead Counsel

Plaintiff Hodges proposes that Cohen Milstein and Keller Rohrback be charged with the responsibility for the day-to-day conduct of the litigation and for carrying out the orders of the Court concerning the conduct of the litigation. Specifically, as suggested in the *Manual*, Cohen Milstein and Keller Rohrback would be charged with the following duties:

> formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation . . . in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.

*Manual* § 10.221. Cohen Milstein and Keller Rohrback would also be charged with responsibility for monitoring the time and expenses of all plaintiffs' counsel to ensure that this litigation is conducted efficiently and without duplication of work.

### 2. Proposed Interim Co-Lead Counsel Are Best Qualified Under the Relevant Standards to Represent the Putative Class

The proposed order implements the procedures suggested by the *Manual* and codified in Fed. R. Civ. P. 23(g) by designating Interim Co-Lead Counsel for Plaintiffs. *See Manual* §§ 10.22, 40.22; Fed. R. Civ. P. 23(g). As stated in the *Manual*, in determining lead counsel, the court should "conduct an independent review (usually a hearing is advisable) to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable."

9

*Manual* § 10.22. The most important factor is "achieving efficiency and economy without jeopardizing fairness to parties." *Id*. § 10.221.

In appointing class counsel, the court must consider the following four factors:

- work counsel has done in identifying or investigating potential claims in the action;

- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;

- counsel's knowledge of the applicable law; and

- resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A); *In re Titanium Dioxide Antitrust Litig.*, 284 F.R.D. 328, 350 (D. Md. 2012). When appointing interim class counsel pursuant to Rule 23(g)(3), courts generally utilize the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A). *Good v. Am. Water Works Co., Inc.*, Nos. 14-01374, 14-11009, 14-11011, 14-13164, 14-13454, 2014 WL 2481821, at *4 (S.D. W.Va. June 3, 2014); *Brigiotta's Farmland Produce & Garden Ctr., Inc. v. United Potato Growers of Idaho, Inc*., No. 10-307, 2010 WL 3928544, at *1 (D. Idaho Oct. 4, 2010); *Outten v. Wilmington Tr. Corp.*, 281 F.R.D. 193, 197 (D. Del. 2012).

Each of the relevant Rule 23(g) factors supports the appointment of Cohen Milstein and Keller Rohrback as Interim Co-Lead Counsel in this case.

### 3. Substantial Pre- and Post-Filing Work Performed by Cohen Milstein and Keller Rohrback Supports Their Appointment as Interim Co-Lead Counsel

The first factor of the Rule 23(g) test weighs in favor of appointing Cohen Milstein and Keller Rohrback as Interim Co-Lead Counsel. A substantial investigation into the facts and legal theory is often a significant factor in determining interim class counsel. *See e.g., Carlin v. DairyAmerica, Inc*., No. 09-0430, 09-0556, 09-0558, 09-0607, 2009 WL 1518058, at *2 (E.D.

10

Cal. May 29, 2009) (appointing the firm that had performed more substantial pre-suit investigation as interim class counsel when all other factors were equal); *Brigiotta's*, 2010 WL 3928544, at *2 (weighing a significant, independent investigation that was developed over the course of nearly a year and a half); *see also, US Airline Pilots Ass'n v. Velez*, No. 14-00577, 2016 WL 1615408, at *3 (W.D.N.C. Apr. 22, 2016) (appointing counsel for the settlement class that had expended "significant resources investigating the claims").

Cohen Milstein and Keller Rohrback have been involved in Church Plan litigation for over six years. Handorf Decl. at ¶ 7; Kilgard Decl at ¶ 6.  Keller Rohrback filed the first of a series of cases involving the Church Plan exemption on April 21, 2010. *See Thorkelson v. Publ'g House of Evangelical Lutheran Church in America*, 764 F. Supp. 2d 1119 (D. Minn. 2011). Handorf Decl. at ¶ 8; Kilgard Decl. at ¶ 11.  Shortly thereafter, the Pension Rights Center retained Cohen Milstein to draft an amicus curiae brief on its behalf in support of the *Thorkelson* plaintiffs. Handorf Decl. at ¶ 9; Kilgard Decl. at ¶ 12.  In fact, the endorsement of the Pension Right Center is meaningful here because the Pension Rights Center has long been involved in protecting retirees and their pensions, and has been specifically concerned with misuse of the Church Plan exemption for decades.  Ferguson Decl. at ¶¶ 6-8.

Through work on the *Thorkelson* case and subsequent investigation, Cohen Milstein and Keller Rohrback learned that a wide range of non-church entities had taken the position that their defined benefit pension plans were ERISA-exempt based on an overly broad and incorrect interpretation of the Church Plan exemption. Handorf Decl. at ¶ 10; Kilgard Decl. at ¶ 13. Moreover, both the Internal Revenue Service and the Department of Labor appeared to have endorsed this erroneous interpretation. Handorf Decl. at ¶ 11; Kilgard Decl. at ¶ 14. After extensive research and analysis, including a detailed analysis of the exemption and its legislative

11

history, Cohen Milstein and Keller Rohrback concluded that applying the exemption to entities that were clearly not churches, but that merely claimed some degree of affiliation with a church, was not supported by a plain reading of the statute and was likely unconstitutional. Handorf Decl. at ¶ 12; Kilgard Decl. at ¶ 15.

Cohen Milstein and Keller Rohrback subsequently launched a broad investigation into non-church entities whose defined benefit plans were not compliant with ERISA based on an overbroad and incorrect interpretation of the Church Plan provision. Handorf Decl. at ¶ 13; Kilgard Decl. at ¶ 16. The firms devoted substantial time and resources to these efforts. Handorf Decl. at ¶ 14; Kilgard Decl. at ¶ 17. Ms. Handorf learned about Church Plans sponsored by individual religiously affiliated hospitals like the Hospital Center at Orange in New Jersey from the Pension Rights Center. Handorf Decl. at ¶ 15; Kilgard Decl. at ¶ 18. Delving deeper, the focus of the investigation turned to large hospital systems that compete, often on a national level, with massive for-profit healthcare companies. Handorf Decl. at ¶ 16; Kilgard Decl. at ¶ 19. Through review of numerous sources of information, the team began to piece together allegations that would ultimately form the basis of lawsuits filed against over a dozen different hospital systems throughout the country. Handorf Decl. at ¶ 17; Kilgard Decl. at ¶ 20.

Following this exhaustive research, Cohen Milstein and Keller Rohrback filed nine cases in 2013 and 2014[4]. In these cases, Cohen Milstein and Keller Rohrback have retained a variety of expert witnesses to testify, if necessary, regarding important issues, including canon lawyers

---

[4] *Overall v. Ascension*, No. 13-11396 (E.D. Mich. filed Mar. 28, 2013); *Chavies v. Catholic Health East*, No. 13-1645 (E.D. Pa. filed Mar. 28,. 2013); *Rollins v. Dignity Health*, No. 13-1450 (N.D. Cal. Filed Apr. 1, 2013); *Kaplan v. St. Peter's Healthcare Sys.*, No. 13-2941 (D.N.J. filed May 7, 2013); *Medina v. Catholic Health Initiatives*, No. 13-1249 (D. Colo. filed May 10, 2013); *Stapleton v. Advocate Health Care Network*, No. 14-1873 (N.D. Ill. filed Mar. 17, 2014); *Owens v. St. Anthony Medical Center*, No. 14-4068 (N.D. Ill. filed June 2, 2014); *Lann v. Trinity Health Corp.*, No. 14-2237 (D. Md. filed July 11, 2014); *Griffith v. Providence Health*, No. 14-1720 (W.D. Wash. filed Nov. 7, 2014).

and actuaries.  Handorf Decl. at ¶ 20.  Cohen Milstein and Keller Rohrback have recruited a number of *amicus curiae* to file briefs in support of their statutory construction, including the Pension Rights Center, AARP Foundation Litigation, the National Employment Lawyers Association, and the ACLU.  *Id*. at ¶ 21.

In December of 2013, plan participants obtained their first victory, as Judge Henderson of the Northern District of California concluded, based upon a thorough analysis of the statutory text and legislative history, that a plan cannot qualify as an exempt Church Plan unless it was established by a church.[5]  Two additional district courts followed suit in 2014.[6] Most recently, in December 2015 and March of this year, the United States Courts of Appeals for the Third and Seventh Circuits adopted this same statutory construction, concluding that pension plans sponsored by religiously-affiliated hospital systems do not qualify as Church Plans because they were not established by churches. *Stapleton v. Advocate Health Care Network*, 817 F.3d 517 (7th Cir. 2016); *Kaplan v. Saint Peters,* 810 F.3d 175 (3d Cir. 2015). In sum, Cohen Milstein and Keller Rohrback have pioneered the legal theories and litigation strategies that have paved the way for participants in "faux" Church Plans sponsored by large hospital conglomerates to pursue substantially similar actions in order to obtain the ERISA protections they are entitled to under the law.

In this particular action, Cohen Milstein and Keller Rohrback reviewed a considerable number of documents in preparing the Hodges Complaint, including benefits statements and

---

[5] *Rollins v. Dignity Health*, 19 F. Supp. 3d 909 (N.D. Cal. 2013).

[6] *Kaplan v. Saint Peter's Healthcare Sys.*, No. 13–2941, 2014 WL 1284854 (D.N.J. Mar. 31, 2014) (accepting Plaintiff's interpretation of statute and denying defendants' motion to dismiss); *Stapleton v. Advocate Health Care Network*, 76 F. Supp. 3d 796 (N.D. Ill. 2014) (same); *see also Rollins v. Dignity*, No. 13-cv-01450-TEH, 2014 WL 6693891 (N.D. Cal 2014) (granting plaintiff's motion for partial summary judgment).

other plan-related documents, newspaper articles, Bon Secours' website, various financial disclosures and statements of Bon Secours, reports by ratings agencies, Form 5500 filings for ERISA plans sponsored by Bon Secours, and Bon Secours' Form 990 returns. Handorf Decl. ¶ 23; Kilgard Decl. at ¶ 21. Cohen Milstein and Keller Rohrback drafted the Hodges Complaint based upon their review of thousands of pages of relevant documents and their own legal and factual analysis, relying on theories developed and honed over their six years of involvement in Church Plan litigation. *Id*., This included investigation of facts that support alternative theories of liability that are not in the Miller complaint, such as the claim that allowing the Bon Secours Plan to be a Church Plan, exempt from ERSA, is unconstitutional.

The performance of exhaustive pre-litigation investigation and the development of the pertinent legal theories underlying plaintiffs' claims weigh heavily in favor of appointing firms as interim lead counsel in class actions. *See In re Protected Vehicles, Inc.*, 397 B.R. 339, 347 (Bankr. D.S.C. 2008) (appointing as lead class counsel a firm that had "done extensive work involving personal contact with over 150 claimants"); *see also In re Municipal Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (appointing firms that "expended substantially more effort and resources and obtained more substantial and more valuable and reliable information" as interim co-lead counsel); *Brigiotta's*, 2010 WL 3928544, at *2 (explaining that because a law firm "expended substantial attorney time . . . in the course of investigation and development of legal theories, and are extremely well-versed in the relevant legal issues . . . weighs in favor of appointing [the firm] interim counsel").

Moreover, where, as here, the firms seeking appointment as interim co-lead class counsel based their allegations upon substantial pre-filing investigation and a second firm followed thereafter, courts overwhelmingly favor appointment to those that conducted exhaustive pre-

14

filing litigation and filed first.  *See, e.g.*, *In re Shop-Vac Mktg. & Sales Pracs. Litig.*, MDL No. 2380, 2013 WL 183855, at *3 (M.D. Pa. Jan. 17, 2013) (granting motion for appointment of interim class counsel, holding that counsel "demonstrated that it has conducted more significant work in identifying and investigating potential claims, and has already successfully coordinated the efforts of counsel"); *In re Oreck Corp. Halo Vacuum and Air Purifiers Mktg. and Sales Pracs. Litig.,* 282 F.R.D. 486, 492 (C.D. Cal. 2012) (interim lead class counsel appointed to counsel with extensive experience in litigation at issue and had researched, prepared and filed first); *Kaminske v. JP Morgan Chase Bank N.A.*, Nos. 09-00918, 09-6352, 2011 WL 521338 at *3 (C.D. Cal. Jan. 3, 2011) (appointing counsel for first-filed plaintiffs over objection of later-filed plaintiffs, concluding that firm representing first-filed plaintiffs were in best position to represent the class "in light of the extensive amount of research and discovery [it] has conducted…"); *Walker v. Discover Fin. Servs.*, No. 10-06994, 2011 WL 2160889, at *3-4 (N.D. Ill. May 26, 2011) (appointing as interim class counsel firms that were the first to file class action complaints after having performed the most work in identifying and investigating the claims); *Miller v. Beazer Homes USA, Inc.*, No. 07-00952, 2007 WL 3005332, at *2 (N.D. Ga. Oct. 11, 2007) (appointing lead counsel "based upon the work counsel have performed in identifying and investigating potential claims in the action as well as their knowledge and experience in this area of law"); *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (interim lead counsel appointed to firm that did most pre-filing work and filed first.  Court found that subsequent complaints filed by other firms "substantially similar to initial filings"). *See also* 5 James Wm. Moore et al., *Moore's Federal Practice* § 23.120 [3][a] (3d ed. 2007) (attorneys, like here, who completed the first investigation and filed the first complaint are

"in a better position to represent the class fairly and adequately than attorneys who have not undertaken those tasks").

Accordingly, Plaintiff Hodges and her counsel's considerable pre-filing investigation into the facts and legal theories in this litigation, as well as her counsel's demonstrated post-filing commitment to the efficient and expeditious litigation of the ERISA claims, weigh heavily in favor of the appointment of Cohen Milstein and Keller Rohrback as Interim Co-Lead Counsel.

### 4. Counsel for Plaintiff Hodges Have the ERISA Experience and Knowledge to Litigate These Actions

The second and third Rule 23(g) factors also demonstrate that Cohen Milstein and Keller Rohrback are best qualified to serve as Interim Co-Lead Counsel in this ERISA class action. *See, e.g., In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (importance of counsel's "experience in, and knowledge of, the applicable law in this field"); *see also, US Airline Pilots Ass'n*, 2016 WL 1615408, at *3 (appointing counsel for the settlement class based on their "significant experience" and "demonstrated substantial knowledge of the applicable law"); *In re Mills Corp.*, No. Civ.A. 1:06-77, 2006 WL 2035391, at *5 (E.D. Va. May 30, 2006) (appointing lead plaintiff's choice of counsel "because the firms have extensive experience litigating [similar actions] and have had success litigating" those actions). Indeed, these two factors are really implicit in the first factor. The only reason Cohen Milstein and Keller Rohrback could so successfully mount a challenge to the misuse of the relatively esoteric ERISA exemption was precisely because of their deep experience in and knowledge of ERISA.

Cohen Milstein and Keller Rohrback are national leaders in class action litigation generally and have premier ERISA class action practices that are nationally recognized. *See* Handorf Decl. at ¶¶ 24-27; Kilgard Decl. at ¶¶ 22-23. Both Cohen Milstein's Employee Benefits Practice Group and Keller Rohrback's ERISA practice have extensive experience with a broad

16

array of ERISA cases and have achieved considerable recoveries on behalf of ERISA plan participants and beneficiaries. Handorf Decl. at ¶26; Kilgard Decl. at ¶ 23.   Because of Cohen Milstein's and Keller Rohrback's ERISA expertise and the successful results these firms have achieved for ERISA classes, each firm has served as ERISA class counsel many times and been appointed lead or co-lead counsel in several ERISA class action cases where contested leadership petitions were filed.  Handorf Decl. at ¶45 Kilgard Decl. at ¶ 23.

### Cohen Milstein's ERISA Expertise

Cohen Milstein's Employee Benefits Practice Group has been devoted exclusively to litigating complex ERISA class actions for over 15 years. Handorf Decl. ¶ 24. The group, led by Karen L. Handorf, has played a significant role in the development of employee benefits law. Handorf Decl. ¶ 25. Under Ms. Handorf's leadership, Cohen Milstein maintains a leading ERISA practice that successfully represents ERISA participants throughout the country. Handorf Decl. ¶ 27; Ferguson Decl. on behalf of The Pension Rights Center at ¶ 13.

Before joining Cohen Milstein in 2007, Ms. Handorf spent more than 25 years enforcing ERISA at the U.S. Department of Labor (DOL).   At the DOL, she was responsible for supervising ERISA litigation brought by the Secretary of Labor nation-wide covering a broad array of ERISA issues, including fiduciary breaches, prohibited transactions, diversification, remedies, coverage, preemption, fiduciary status, plan terminations, retiree health, benefit claims and ESOPs.   She also developed and supervised an amicus brief writing program which addressed complex and novel ERISA issues that arose in private litigation in the appellate courts and the Supreme Court.  For the last several years of her career at DOL, Ms. Handorf was the Deputy Associate Solicitor of the Plan Benefits Security Division, which was the second highest ranking lawyer for the enforcement of Title I of ERISA.  Handorf Decl. ¶ 28. While at DOL, she

was awarded the Department's Distinguished Career Service Award and Exceptional Achievement Awards for her work on ERISA remedies, employer stock issues, retiree health care, defined benefit pension plan terminations and the amicus brief writing program.  *Id*., at ¶ 29.  Because of her long career at DOL, she has a deep understanding of the Department's policies and procedures and has maintained strong working relationships with Department and other government officials.

Ms. Handorf is a fellow of the American College of Employee Benefits Counsel, an organization dedicated to elevating the standards and advancing the public's understanding of the practice of employee benefits law. Handorf Decl. ¶ 30. Ms. Handorf is one of fewer than ten lawyers regularly representing participants and beneficiaries to receive that honor. Handorf Decl. ¶ 31.  Ms. Handorf has served as plaintiff's co-chair of ABA subcommittees on ERISA civil enforcement and preemption and has been a frequent speaker on ERISA issues at the national level for more than two decades. Handorf Decl. ¶ 32.  In 2016 she was selected for inclusion in Best Lawyers in America for ERISA practice. *Id*., at ¶ 33.  Ms. Handorf's breadth and depth of ERISA knowledge is unparalleled in the plaintiff's bar and provides a significant asset to the Cohen Milstein team. *See* Ferguson Decl. on behalf of the Pension Rights Center at ¶ 13; Signorille Decl. on behalf of AARP at ¶ 20.

Cohen Milstein's litigation team for this matter also includes Michelle C. Yau.  Ms. Yau received her law degree from Harvard Law School in 2003, where she was awarded several public interest fellowships, including the Heyman Fellowship for academic excellence and a demonstrated commitment to federal public service.  *Id*., at ¶ 37.  Ms. Yau graduated Phi Beta Kappa with a B.A. in Mathematics from the University of Virginia.  *Id*., at ¶ 38.  Before law school, she worked as a financial analyst at Goldman, Sachs & Co. in the Financial Institutions

18

Group of the Investment Banking Division.  *Id.*, at ¶ 39.  Ms. Yau has litigated some of the most

significant ERISA lawsuits since she started in the Department of Labor Honors Program.  In

2014, Law360 named Ms. Yau a Rising Star Under 40.  *Id.*, at ¶ 40.

### Keller Rohrback's ERISA Expertise

Keller Rohrback has obtained many favorable and groundbreaking decisions in the area

of company stock and other ERISA class action cases.  The firm's work as lead counsel in

ERISA cases has been widely praised.  For example, in *WorldCom*, Judge Denise Cote found

that:

> Lead Counsel [Keller Rohrback] has performed an important public service in this action and has done so efficiently and with integrity.  It has cooperated completely and in novel ways with Lead Counsel for the Securities Litigation and in doing so all of them have worked to reduce legal expenses and maximize recovery for class members.  Lead Counsel . . . has also worked creatively and diligently to obtain a settlement from WorldCom in the context of complex and difficult legal questions. . . . Lead Counsel should be appropriately rewarded as an incentive for the further protection of employees and their pension plans not only in this litigation but in all ERISA actions.

*In re WorldCom, Inc. ERISA Litig.*, No. 02-4816, 2004 WL 2338151, at *10 (S.D.N.Y. Oct. 18,

2004).

Similarly, Keller Rohrback's strength lies in its people. Among Keller Rohrback's team

of 70 attorneys are accountants, economists, computer technology experts, and former U.S.

Department of Justice prosecuting attorneys, as documented in the firm's resume. Kilgard Decl.

at ¶ 3.  Keller Rohrback's Complex Litigation and ERISA team is led by the firm's Managing

Partner, Lynn Lincoln Sarko.  Kilgard Decl. at ¶ 22.  Mr. Sarko received both his M.B.A. in

accounting and law degree from the University of Wisconsin, where he served as Editor-in-Chief

of the *Wisconsin Law Review* and was selected by faculty as the outstanding graduate of his law

school class.  *Id.*  He is a former Assistant United States Attorney and Ninth Circuit judicial law

clerk (Hon. Jerome Farris).  He has actively engaged in the prosecution of complex litigation for more than two decades.  *Id.*

Mr. Sarko has worked closely with the Department of Labor on numerous issues, has established relationships with many of the key experts in the field, and has worked extensively with plaintiff and defense counsel in related cases.  *Id.*  He is a frequent commentator on ERISA litigation and regularly speaks at national ERISA conferences.  *Id.*

The Keller Rohrback Complex Litigation and ERISA team that Mr. Sarko leads is also highly accomplished, and includes numerous lawyers whose practices focus primarily on ERISA class action cases.  These attorneys include Ron Kilgard, who practices in the firm's Phoenix office. Mr. Kilgard graduated *cum laude* with a B.A. in History from Harvard College in 1973 and received his Master of Theological Studies from Harvard Divinity School in 1975. Kilgard Decl. at ¶ 5, n. 2.  He then graduated *magna cum laude* from Arizona State University College of Law, where he was the Editor-in-Chief of the *Arizona State Law Journal* and where he received the Armstrong Award (outstanding graduate).  *Id.*

Since joining Keller Rohrback in 2002, Mr. Kilgard has been extensively involved in pension plan class action litigation, involving both ERISA and non-ERISA plans. *Id.* at ¶ 5. In 2012 he was selected for inclusion in Best Lawyers in America (19th ed.) for ERISA practice. Mr. Kilgard has published on a variety of topics, and has spoken at a number of conferences regarding pertinent issues.  *Id.*  Mr. Kilgard has played leading roles in numerous ERISA cases.

**Both Firms' Church Plan Expertise**

Cohen Milstein and Keller Rohrback are the firms that spotted the Church Plan issue, investigated it, developed it, invested millions of dollars of attorney time and hundreds of thousands of dollars in out of pocket expenses in the effort. And they are the only firms to

20

achieve significant victories in the district courts and now in the appellate courts. To be sure, it has not always been easy. Early cases were mixed. Recently, the district judge in the Colorado ruled against Cohen Milstein and Keller Rohrback in *Medina v. Catholic Health Initiatives*, a decision specifically repudiated by the later decisions of the Third and Seventh Circuits. No. 13-cv-01249-REB-KLM, 2015 WL 8144956 (D. Colo. 2015). Since 2013, Cohen Milstein and Keller Rohrback have filed seventeen cases against hospitals and healthcare systems involving the improper application of the ERISA Church Plan exemption. They have survived numerous motions to dismiss and obtained favorable decisions from two Courts of Appeals on the statutory question of Church Plan status. In particular, Cohen Milstein and Keller Rohrback acted or are acting as class counsel in the Church Plan cases listed below (in addition to this case). Handorf Decl. at ¶ 19 (dates listed indicate when each complaint was filed ):

- *Overall v. Ascension Health*, No. 13-11396 (E.D. Mich. 3/28/13);
- *Chavies v. Catholic Health East*, No. 13-1645 (E.D. Pa. 3/28/13);
- *Rollins v. Dignity Health, et al.*, No. 13-1450 (N.D. Cal. 4/1/13);
- *Medina v. Catholic Health Initiatives*, No. 13-1249 (D. Colo. 5/10/13);
- *Kaplan v. Saint Peter's Healthcare System,* No. 13-2941 (D.N.J. 5/7/13);
- *Stapleton v. Advocate Health Care Network,* No. 14-1873 (N.D. Ill. 3/7/14);
- *Owens v. St. Anthony Medical Center,* No. 14-4068 (N.D. Ill. 6/2/14);
- *Lann v. Trinity Health Corp.,* No. 14-2237 (D. Md. 7/11/14);
- *Griffith v. Providence Health*, No. 14-1720 (W.D. Wash. 11/7/14);
- *Carver v. Presence Health Network*, No. 15-2905 (N.D. Ill. 4/2/15);
- *Feather v. SSM Health,* No. 16-393 (S.D. Ill. 4/8/16);
- *Jewett v. Franciscan Alliance, Inc.,* No. 16-4589 (N.D. Ill. 4/22/16);
- *Smith v. OSF Healthcare System,* No. 16-467 (S.D. Ill. 4/27/16);
- *Whaley v. Mercy Health,* No. 16-518 (S.D. Ohio 5/3/16);
- *Sanzone v. Mercy Health,* No. 16-478 (W.D. Okla. 5/6/16); and
- *Garbaccio v. St. Joseph's Hospital,* No. 16-2740 (D.N.J. 5/13/16)

Through investigating and litigating these cases, Cohen Milstein and Keller Rohrback have gained extensive, unparalleled knowledge of the Church Plan exemption. Attorneys performed a detailed analysis of the text of the Church Plan exemption, researching prior

versions of the exemption, its legislative history, and related regulations. Handorf Decl. ¶ 41; Kilgard Decl. at ¶ 15.  They also reviewed IRS private letter rulings, DOL Advisory Opinions, and every court decision interpreting the exemption since it was enacted. Handorf Decl. ¶ 11; Kilgard Decl. at ¶ 14. They developed and analyzed the factual basis for claiming that plans established by non-churches did not meet the statutory requirements even based on the Government's erroneous interpretation of the Church Plan exemption.  *Id.*   And they developed the argument that application of the Church Plan exemption to plans established by non-churches would be unconstitutional. Handorf Decl. ¶ 12; Kilgard Decl. at ¶ 15. Based on this meticulous and exhaustive approach, Cohen Milstein and Keller Rohrback have capably challenged years of contrary agency pronouncements and an assortment of ill-considered lower court decisions.

Moreover, because of their substantial ERISA expertise in general and work on Church Plan litigation, Cohen Milstein and Keller Rohrback are best able to handle the difficult legal and factual issues that arise once the coverage issues are resolved.  Ferguson Decl. at ¶¶ 19-20 ("The reputations of Cohen Milstein and Keller Rohrback in the ERISA community are excellent and their expertise with respect to Church Plan cases is unmatched by any other firm…. I would not hesitate to recommend those firms to participants seeking representation in litigation involving the ERISA Church Plan exemption.  There is no question that they have achieved unparalleled expertise in the numerous ERISA issues implicated by the church plan exemption"); Signorille Decl. at ¶ 18 ("Together Cohen Milstein and Keller Rohrback are an ideal team for a major pension plan litigation initiative such as the church plan cases, as indeed, they proved themselves").  Defined benefit pension plans, such as the Bon Secours Plans, are highly regulated by ERISA and the parallel tax code.  Cohen Milstein and Keller Rohrback have significant substantive knowledge of the ERISA and tax code provision – including funding,

22

actuarial assumptions, lump sum calculations, mergers and terminations – that are involved in assuring that these plans come into compliance with ERISA once coverage is established. For example, part of our legal team, Ms. Yau, has particular expertise related to understanding the various actuarial assumptions mandated by ERISA due to the fact that she graduated Phi Beta Kappa with a degree in Mathematics. Handorf Decl. ¶ 22.

### 5. Counsel for Plaintiff Hodges Have the Resources Necessary to Represent the Class

As to the fourth factor – the resources available to represent the Class – Cohen Milstein and Keller Rohrback are well-established and successful law firms that have the resources and personnel necessary to pursue a case of this magnitude, as each has demonstrated in numerous large-scale class actions. *See* Handorf Decl. ¶ 26; Kilgard Decl. at ¶ 23. Cohen Milstein has over 90 lawyers in six U.S. cities[7] and has a group of five attorneys, with a combined 40+ years of ERISA litigation experience, whose practice consists exclusively of ERISA class actions.[8] Some of these attorneys have dedicated their careers to protecting the rights of ERISA participants and beneficiaries, including many years of experience at the Department of Labor. *Id.*; Handorf Decl. at ¶¶ 28, 36. The firms' resources are not merely financial, but also include the substantial expertise and work-product discussed above.

Similarly, Keller Rohrback L.L.P. is a seventy-lawyer firm with a national reputation as a go-to plaintiffs' firm for large-scale, complex individual and class action cases. Keller Rohrback's nationwide ERISA litigation practice has a broad geographic footprint, with offices in Seattle, Phoenix, New York, two offices in California and one in Montana. Keller Rohrback

---

[7] *See* Cohen Milstein website at http://www.cohenmilstein.com/about-us (last visited May 18, 2016).

[8] *See* Employee Benefits Group website at http://www.cohenmilstein.com/practice-area/employee-benefits-erisa (last visited May 18, 2016).

2139536.1

has attorneys admitted in every United States Court of Appeals, numerous federal district courts, and the United States Supreme Court. *See Our Firm*, Keller Rohrback Law Offices, LLP, http://www.kellerrohrback.com/firm/ (last visited May 18, 2016).

Both Cohen Milstein and Keller Rohrback have the personnel and resources necessary to pursue a case of this magnitude, as they have demonstrated in numerous large-scale class actions and other complex cases. Both firms pride themselves on the quality of legal work and ability to litigate zealously and creatively with the highest ethical standards – attributes that courts across the country have recognized. For example, in 2015, Cohen Milstein was named as one of the ten "Most Feared Plaintiffs Firms" for the third year in a row. Handorf Decl. at ¶ 44. Together the firms possess extensive in-house document hosting and management capabilities and are well-versed in conducting discovery on a nationwide scale, including negotiating and developing discovery protocols for the production of electronic and other documents, in-house database development, document processing, hosting, and review. They use cutting-edge technology and case management techniques in the preparation and trial of complex cases.

Cohen Milstein and Keller Rohrback's combined experience and resources will allow them to streamline the litigation and create efficiency unavailable to other firms. Thus, the resource factor under Rule 23(g) also favors appointment of Plaintiff Hodge's proposed Interim Co-Lead Counsel. Finally, Cohen Milstein and Keller Rohrback have a long-standing, cohesive relationship working together on complex matters, including ERISA cases. They have demonstrated an ability to work together efficiently, effectively, and collaboratively in these cases, which assures the highest level of representation for plaintiffs in the instant matter.

In sum, the highly experienced teams at Cohen Milstein and Keller Rohrback are the most qualified to litigate the claims of ERISA fiduciary breaches and ERISA violations at issue

24

in the Hodges and Miller complaints, particularly in light of their extensive experience in Church Plan litigation.  Cohen Milstein and Keller Rohrback have already achieved substantial victories in the Third and Seventh Circuits and have the institutional knowledge, skill, and resources necessary to push for similar results on behalf of participants of the Bon Secours Plans here. Therefore, counsel for Plaintiff Hodges respectfully submits that, based on the four factors of Rule 23(g), Cohen Milstein and Keller Rohrback are best able to represent the interests of the class and should therefore be appointed Interim Co- Lead Counsel in this action.

### III. CONCLUSION

For the foregoing reasons, Plaintiff Hodges, though her counsel, respectfully requests that the Court: (a) appoint Arlene Hodges as Interim Lead Plaintiff; (b) appoint Cohen Milstein and Keller Rohrback as Interim Co-Lead Counsel; (c) consolidate the above-captioned actions; and (d) enter the Plaintiff's proposed Order.

DATED: May 18, 2016.            /s/  Michelle C. Yau

COHEN MILSTEIN SELLERS & TOLL, PLLC
R. Joseph Barton, Bar No.15665 (local counsel)
Karen L. Handorf (admitted *pro hac vice*)
Michelle C. Yau (admitted *pro hac vice*)
Kira L. Hettinger, Bar No. 19545
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C.  20005
Tel: (202) 408-4600
Fax: (202) 408-4699
Email: jbarton@cohenmilstein.com
        khandorf@cohenmilstein.com
        myau@cohenmilstein.com
        khettinger@cohenmilstein.com

and

25

KELLER ROHRBACK L.L.P.
Lynn Lincoln Sarko (admitted *pro hac vice*)
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900 / Fax: (206) 623-3384
Email: lsarko@kellerrohrback.com

KELLER ROHRBACK L.L.P.
Ron Kilgard (admitted *pro hac vice*)
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: (602) 248-0088 / Fax: (602) 248- 2822
Email:  rkilgard@kellerrohrback.com

*Attorneys for Plaintiff*

26